**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**
*ex rel.* **GREGORY CHABOT,**
          **Plaintiff,**

**vs.**                                                          **Case No.: 6:06-cv-1529-Orl-35-KRS**

**NU-WAY CONCRETE CO., INC.,**
          **Defendant.**

_____/

## ORDER

   **THIS MATTER** comes before the Court upon review of Defendant's Proposed Jury

Instructions and Verdict Form, filed on September 10, 2009.  (Doc. No. 94, Exh. B.)  On

August 31, 2009, the Court entered an Order, directing the parties to file a "single, jointly-

proposed set of jury instructions and a single, jointly-proposed verdict form."  (Doc. No. 76.)

Defendant has indicated that the parties were unable to convene to establish and file the

jointly-proposed documents, and thus, Defendant filed its own versions with the Court.  (Doc.

No. 94.)  In light of the parties' failure to consult and produce jointly-proposed jury instructions

and verdict form, it is hereby

   **ORDERED** that Defendant's proposed jury instructions and verdict form (Doc. No. 94,

Exh. B.) are hereby **STRICKEN** from the record.   Attached to this Order are the jury

instructions and verdict form proposed by the Court.  The parties shall review the attached

jury instructions and verdict form.  No later than **Monday, September 14, 2009, at 8:00 a.m.**,

each party shall file with the Court a notice containing any objections and/or proposed

modifications the party has to the attached jury instructions and verdict form.  Such objections

and/or modifications shall be enumerated in paragraphs corresponding to the numbered jury

instructions.  The **CLERK** is directed to **STRIKE**  from the Record Exhibit B to Document

Number 94.

      **DONE AND ORDERED** in Orlando, Florida, on this 11th day of September 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**
**ex re. GREGORY CHABOT,**
**Plaintiff,**

**v.**                                                                **Case No: 6:06-cv-1529-Orl-35KRS**

**NU-WAY CONCRETE CO. INC.,**
**Defendant.**
_____/

**JURY INSTRUCTIONS**

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

Transcripts Not Available. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

Exhibits Will Be Available. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

* * * * *

–2–

<u>Note taking - Permitted</u>. If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you

should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

[In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.]

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."

When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be

permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

# BASIC INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

**JURY INSTRUCTION NO. 1**

**Stipulations of Fact**

The parties have agreed to the following certain facts:

1.  Defendant is a North Carolina corporation;

2.  At the time of entering the Federal Emergency Management Agency ("FEMA") contract in question, Robert Guillot, Vice President of RCG Enterprises, Inc. ("RCG"), was a licensed general contractor in the State of North Carolina;

3.  At all relevant times, Defendant did not hold a Florida mobile home installer's license; and

4.  Defendant entered into a solicitation/contract with FEMA in November 2004 to provide setup/installation services for forms of mobile housing in response to Disaster Relief Declaration ("DR") 1551.

You should, therefore, treat these facts as having been proved.


GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 2**

*False Claims Act*

In 1863, Congress enacted the False Claims Act, 31 U.S.C. §3729 *et seq.*, to allow a private citizen to bring an action on behalf of the United States government against any government contractor who allegedly knowingly presented or caused to be presented a false claim, or has knowingly made or used or caused to be made or used a false statement to get a false claim paid or approved by the United States Government. The private citizen who brings the action is considered the "Relator" and these cases are considered *qui tam* cases.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 3**

**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 4**

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

## JURY INSTRUCTION NO. 5

### Impeachment of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or whether it has only to do with an unimportant detail.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 6**

**Burden of Proof**

In this case the Plaintiff has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 7**

ELEMENTS OF FALSE CLAIM UNDER 31 U.S.C. 3729(a)(1)

In order to sustain plaintiff's burden of proof for the charge of knowingly submitting a false or fraudulent claims to the United States in violation of 31 U.S.C. 3729(a)(1), Plaintiff, Chabot, must prove each of the following two essential elements by a preponderance of the evidence:

One: That Defendant presented a false *claim* to the United States, as claim is herein defined; and

Two: That the false claim was made *knowingly*, as knowingly is herein defined.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

−14−

## JURY INSTRUCTION NO. 8

### ELEMENTS OF FALSE STATEMENT UNDER 31 U.S.C. 3729(a)(2)

In order to sustain plaintiff's burden of proof for the charge of knowingly submitting a false or fraudulent claims to the United States in violation of 31 U.S.C. 3729(a)(2), Plaintiff, Chabot, must prove each of the following three essential elements by a preponderance of the evidence:

One: That Defendant made a false record or statement in connection with a false or fraudulent claim to the United States;

Two: That the false statement was made *knowingly*, as knowingly is herein defined; and

Three: That the false statement was *material* to the false claim, as material is herein defined;

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 9**

A "claim" includes any request or demand, whether under a contract or otherwise, for money or property that is made by a contractor, grantee or other recipient if the United States Government provides any portion of the money or property that is requested or demanded.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 10**

The term "material" means having a natural tendency to influence, or being capable of influencing, the payment or receipt of money or property.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

## JURY INSTRUCTION NO. 11

Truth or Falsity of the Information

The terms "knowing" and "knowingly" mean that a person:

(a) has actual *knowledge* of the information,

(b) acts in *deliberate ignorance* of the truth or falsity of the information, or

(c) acts in *reckless disregard* of the truth or falsity of the information.

*Deliberate ignorance* - The term deliberate ignorance means that a defendant deliberately closed its eyes to what would otherwise have been apparent to the defendant.  A finding that a defendant purposely avoided learning the facts, or suspected a fact but refused to confirm it, also constitutes deliberate ignorance.  However, a finding that a defendant was merely negligent, careless is not sufficient to prove deliberate ignorance.

*Reckless disregard* - The term reckless disregard means that a defendant was aware of, but consciously ignored facts and circumstances clearly indicating the truth or falsity of the information.

 Government knowledge of the falsity of a claim may be relevant to a defendant's liability.  Such knowledge may show that the defendant did not submit its claim in deliberate ignorance or reckless disregard of the truth.  However, Government's knowledge of the falsity is only considered when the facts comprising the falsity are fully disclosed to the Government.


GIVEN _____

NOT GIVEN _____

–18–

GIVEN AS MODIFIED _____

## JURY INSTRUCTION NO. 12

The following instruction is included to inform you as to Florida licensing requirements regarding the installation of mobile homes within Florida.  You should only consider the instruction if you first find that: (a) the contract between Defendant and FEMA contained provision(s) requiring Defendant to meet Florida state licensing requirements concerning the installation of mobile homes in Florida <u>and</u> (b) such provisions were a material part of the contract.

**Florida law related to the installation of mobile homes.**

In order to be duly qualified to install mobile homes in Florida, one must either be licensed pursuant to Florida Statute section 320.8249(1) or, pursuant to Florida Statute section 320.8249(5), be a direct employee working under the supervision of a person licensed to install mobile homes in Florida.  Additionally, section 15C-2.0072 of the Florida Administrative Code acknowledges that the statute's terms permit a contractor licensed to install mobile homes in Florida to subcontract with another person licensed to install mobile homes in Florida.  Finally, section 15C-2.0073(1) of the Florida Administrative Code reiterates that no person may perform manufactured/mobile home installation unless licensed by the department pursuant to Florida Statute section 320.8249, regardless of whether that person holds a local installer's license or any other local or state license.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 13**

*Number of False Claims*

The Relator contends that the Defendant knowingly submitted more than one false claim for payment to the United States Government. If you find by a preponderance of the evidence that the Defendant is liable under the False Claims Act, you must specify the number of false claims submitted for payment by the Defendant in Question No. 2 of the Verdict Form.  If Defendant is found to have knowingly submitted more than one false claim for payment, each such claim for payment would constitute a separate violation of the False Claims Act.


GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

## JURY INSTRUCTION NO. 14

**Introduction to Damages**

If you find for the Plaintiff and against Defendant, you must then decide the issue of the damages caused by Defendant in this case.  In considering the issue of damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages, no more and no less.  Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize a defendant.  Compensatory damages must not be based on speculation or guesswork because it is only actual damages--what the law calls compensatory damages--that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

The net loss the Government sustained as a result of Defendant's initial false or fraudulent claim or statement.  This amount may be calculated as follows:

1) The amount, if any, the Government paid to the Defendant on the basis of the materially false or fraudulent claims or statements that were knowingly made by Defendant;

2) Minus the value of the benefit, if any, the Government received pursuant to the contract with Defendant.

Thus, damages are determined according to the following formula:

(Amount Paid _____) - (Benefit Conferred _____) =

_____TOTAL Actual Damages Sustained by the Government.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 15**

**Duty to Deliberate**
**When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**JURY INSTRUCTION NO. 16**

**Election of Foreperson**
**Explanation of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**
**ex rel. GREGORY CHABOT,**

      **Plaintiff,**

**v.**

                                      **Case No: 6:06-CV-1529-Orl-35KRS**

**NU-WAY CONCRETE CO. INC.,**

      **Defendant.**

_____/

**VERDICT FORM**

1.      Do you find by a preponderance of the evidence that Plaintiff, Gregory Chabot,

has proven that Defendant, **NU-WAY CONCRETE CO. INC**., knowingly presented or

caused to be presented materially false or fraudulent claims to the Federal Emergency

Management Agency ("FEMA")?

Yes _____    No _____

If you answered "Yes" to Question 1, please proceed to Question 2.

If you answered "No" to Question 1, please STOP HERE and sign and date the Verdict

Form.

2.      How many material false claims do you find that Defendant knowingly made to

FEMA, # - # (NUMBERS TO BE PROVIDED)? _____.

3.     What amount, if any, do you find that Plaintiff has proven the Defendant's false

claim(s) caused the United States to sustain as damages?

_____ (TOTAL Amount of Actual Damages Sustained).


Foreperson's Signature: _____


Date: _____