UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**
Ex re. **GREGORY CHABOT,** as *qui tam* **Plaintiff,**

    **Plaintiffs,**

v.                                     **Case No: 6:06-CV-1529-ORL-35KRS**

**NU-WAY, LLC,**

    **Defendant.**
_____/

## DEFENDANT'S NOTICE OF OBJECTIONS AND PROPOSED MODIFICATIONS TO THE COURT'S PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's Order of September 11, 2009, Defendant hereby files its objections and suggested modification to the Court's proposed set of jury instructions. The paragraph numbers utilized herein correspond to the numbers of each of the Court's proposed instructions.

### Objections and Modifications

Preliminary Instruction: No objection.

1.     These Stipulations of Fact do not apply to this case. The parties will substitute their own stipulations of fact.

2.     No objection.

3.     No objection.

4.     No objection.

5.     No objection.

6.     No objection.

7. Defendant objects to this instruction to the extent that it does not contain an element of materiality. It is clear under applicable case law, that the materiality is an element of Plaintiff's claim under 31 U.S.C. 3729(a)(1). *U.S. ex rel. A+ Homecare, Inc. v. Medshares Management Group, Inc.*, 400 F.3d 428, 442-43 (6th Cir. 2005); *see also U.S. ex rel. Digiovanni v. St. Joseph's/Candler Health System, Inc.*, No. CV404-190, 2008 WL 395012, *5-6 (S.D. Ga. Feb. 8, 2008) and *Mikes v. Straus*, 274 F.3d 687, 696 (2d Cir. 2001) (materiality requirement applies to claims under 31 U.SC. 3729(a)(1), (2) and (3)).

Moreover, Plaintiff, has not come forward with any evidence that Defendant made any affirmative misrepresentation, false statements or "claims." In fact, Plaintiff has not even pleaded that Defendant made any affirmative false claims. Instead, Plaintiff alleges that Defendant impliedly certified compliance with Florida's mobile home installer licensing statutes. Plaintiff freely admits that this is an "implied certification" case under the false claims act.

While the Eleventh Circuit (along with other circuits) has not recognized the implied certification theory of liability under 31 U.S.C. 3729(a)(1), to the extent it is valid, "[t]he implied certification theory essentially requires a materiality analysis. Certification of compliance with the statute or regulation alleged to be violated must be so important to the contract that the government would not have honored the claim presented to it if it were aware of the violation." *U.S. ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F.Supp.2d 28, 33 (D.D.C. 2003).

8. No objections.

9. No objections.

10. Plaintiff, has not come forward with any evidence that Defendant made any affirmative misrepresentation, false statements or "claims." In fact, Plaintiff has not even pleaded that Defendant made any affirmative false claims. Instead, Plaintiff alleges that

Defendant impliedly certified compliance with Florida's mobile home installer licensing statutes. Plaintiff freely admits that this is an "implied certification" case under the false claims act.

While Plaintiff alleges that the Eleventh Circuit impliedly recognized implied certification cases, to Defendant's knowledge, the Eleventh Circuit (along with several other circuits) has never explicitly recognized that implied certification may serve as a basis for recovery under the False Claims Act. The cases primarily relied upon by Plaintiff in advancing his claim that implied certification of compliance will support recovery arise out of the Fifth Circuit, but "the Fifth Circuit has never formally recognized the 'implied certification' theory." *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 823 (E.D. Tex. 2008) (citing *United States ex rel Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 382 (5th Cir. 2003) ("This court need not determine here whether it will recognize the 'implied certification' theory.")).

Even if this circuit were to recognize the implied certification theory of liability, "implied false certification is appropriately applied only when the underlying statute or regulation . . . *expressly* states the provider must comply in order to be paid." *Mikes v. Straus*, 274 F.3d 687, 700 (2d Cir. 2001) (emphasis in original). Accordingly, Defendant suggests the jury instruction relating to the definition of materiality should be amended as follows:

> A contract or regulatory violation alone without a material false claim or false statement as defined in these instructions is insufficient to establish liability under the False Claims Act. The term "material" means having a natural tendency to influence, or be capable of influencing the payment or receipt of money or property. In order to establish materiality, Plaintiff must establish by a preponderance of the evidence that the contract expressly states the provider must comply with Florida licensing law in order to be paid.

While Defendant believes that the amended instruction set forth above is a proper statement of the law, it recognizes that the Court may be hesitant to give such an instruction in

the absence of guidance from the Eleventh Circuit. With that in mind, Defendant would point the Court to the case law of the D.C. Circuit, which has been quite liberal in applying the implied certification theory of recovery. The two primary D.C. Circuit cases addressing the issue suggest that for an implied certification theory to succeed, there must be a "withholding of ... information-information critical to the [government's] decision to pay [.]" *United States v. TDC Mgmt. Corp.*, 288 F.3d 421, 426-27 (2002) (emphasizing that "[the defendant] presented no evidence to dispute [a government] [a]dministrator's ... declaration that he would have immediately terminated the contract had he been aware of [defendant's] unreported activities") (internal quotations and citation omitted); *see also United States ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc.*, 214 F.3d 1372, 1376 (D.C.Cir.2000) ("Courts have been ready to infer certification from silence, but only where certification was a prerequisite to the government action sought.").

In applying these decisions, the District Court of the D.C. Circuit has held that "The implied certification theory essentially requires a materiality analysis. Certification of compliance with the statute or regulation alleged to be violated must be so important to the contract that the government would not have honored the claim presented to it if it were aware of the violation." *U.S. ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F.Supp.2d 28, 33 (D.D.C. 2003). If the court were to follow the more liberal "implied certification" standard applied by the D.C. courts, Defendant would propose the following instruction:

> A contract or regulatory violation alone without a material false claim or false statement as defined in these instructions is insufficient to establish liability under the False Claims Act. The term "material" means having a natural tendency to influence, or be capable of influencing the payment or receipt of money or property. In order to be material, certification of compliance with the statute or regulation alleged to be violated must be so important to the contract that the

4

government would not have honored the claim presented to it if it were aware of the violation.

11.     No objection.

12.     Defendant objects to the section entitled "Florida law related to the installation of mobile homes."  Defendant agrees that Florida Statute section 320.8249(1) is unambiguous in that only licensed installers are authorized to install mobile homes in Florida and has no objection to the court instructing the jury as to that.  However, the relevant provisions of Florida law are not clear as to whether a government contractor may enter into a contract to provide "installation services" and then subcontract with licensed installers to perform the actual installation.  This instruction would appear to indicate that only licensed installers can subcontract for the performance of installations under Florida law.  Florida Statute section 320.8249(3) makes clear that this is not the case.  As worded, the instruction is unfairly prejudicial in that, as worded, it is likely to substantially influence jurors in their evaluation of the "knowing" element, on which Plaintiff bears the burden of proof.  Moreover, the recitation of section 15C-2.0073(1) of the Florida Administrative Code is repetitive of the proposition set forth in the Court's recitation of section 320.8249(3), and, because Defendant does not claim to be able to install mobile homes under a local installer's license or any other local or state license, it adds nothing to aid the jury in evaluating the matters at issue. Consequently the inclusion of the reference to the code provision at the end of the instruction repeating the same premise set forth at the beginning of the instruction and the use of such words as "finally" and "reiterates" is likely to unduly prejudice and/or influence the jury in its evaluation of the relevant facts.  Instead Defendant would propose the following instruction:

> Pursuant to Florida Statute section 320.8249 and section 15C-2.0073(1) of the Florida Administrative Code, in order to be duly qualified to install mobile homes in Florida, one must possess a Florida Mobile Home installer's license.

13.     Defendant has no objection to the principle of law set forth in this instruction. However, Defendant would note that Plaintiff should be limited to the number of false claims identified in his Verified Complaint.

14.     Defendant has no objection to the majority of the damages instruction proposed. Defendant would note however that, as currently worded, the instruction may indicate to the jurors that it is to be assumed by the jurors that, if they determine that the False Claims Act has been violated, then they must find that the Government has been damaged. To cure that possibility, Defendant would propose that the first two sentences of the instructions be removed and replaced with the following:

> If you find in favor of the Plaintiff and against the Defendant, you must determine whether the United States sustained damages as a result of the Defendant's False Claims Act violation. If you determine that the Government has been damaged as a result by a False Claims Act violation of Defendant, then you must consider the amount, if any, of the Government's damages. In considering the issue of damages, you are instructed that you should asses the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages, no more and no less.

15.     No objection.

16.     No objection.

## VERDICT FORM

1.     Defendant believes that each of the elements of the False Claims Act should be broken out for the jurors so as to avoid any confusion and to receive a more accurate report as to the jury's findings on each of the elements. Defendant would also point out that there are two contracts at issue in this matter—an installation contract and a maintenance and deactivation

contract. Accordingly, liability and damages should be determined with respect to each of these contracts.

2. No objection other than the number should be limited to the number of claims pleaded by Plaintiff in the Verified Complaint.

3. Defendant believes that it would be helpful to again provide the jury the formula set forth in Instruction 14 and to allow them to fill in each of the numbers for that formula.

Submitted this 13th day of September, 2009.

          s/ R. Craig Spickard
          JOHN W. FOREHAND
          Lead Trial Counsel
          Florida Bar No. 0979816
          R. CRAIG SPICKARD
          Fla. Bar No. 721751
          Lewis, Longman & Walker, P.A.
          2600 Centennial Place, Suite 100
          Tallahassee, FL 32308
          (850) 222-5702
          Fax (850) 224-9242

          and

          J. Marshall Gilmore
          Florida Bar No. 0840181
          1500 Louisiana Avenue, Suite 4
          Winter Park, FL 32789
          (407) 629-7322
          Fax (407) 740-0310

**CERTIFICATE OF SERVICE**

    I certify that on September 13, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this Day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

**Jennifer Chorpening**
US Department of Justice – Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20444

**Phillip R. Lammens**
Office of U.S. Attorney
207 NW 2nd Street, Room 118
Ocala, FL  34475-6666

**Paul Michael Meredith**
The Meredith Law Firm
5 Palm Row – Suite A
P.O. Box 38
St. Augustine, FL  32085-0038
904/825-1912

    R. Craig Spickard