# JURY INSTRUCTION NO. 1

*False Claims Act*

In 1863, Congress enacted the False Claims Act, 31 U.S.C. §3729 *et seq.*, to allow a private citizen to bring an action on behalf of the United States government against any government contractor who allegedly knowingly presented or caused to be presented a false claim, or has knowingly made or used or caused to be made or used a false statement to get a false claim paid or approved by the United States Government. The private citizen who brings the action is considered the "Relator" and these cases are considered *qui tam* cases.

# JURY INSTRUCTION NO. 2

### Consideration of the Evidence
### Duty to Follow Instructions
### Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own

recollection and interpretation of the evidence that controls.

**JURY INSTRUCTION NO. 3**

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**JURY INSTRUCTION NO. 4**

**Impeachment of Witnesses
Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or whether it has only to do with an unimportant detail.

# JURY INSTRUCTION NO. 5

## Burden of Proof

In this case the Plaintiff has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## JURY INSTRUCTION NO. 6

## ELEMENTS OF FALSE CLAIM UNDER 31 U.S.C. 3729(a)(1)

In order to sustain plaintiff's burden of proof for the charge of knowingly submitting a false or fraudulent claims to the United States in violation of 31 U.S.C. 3729(a)(1), Plaintiff, Chabot, must prove each of the following three essential elements by a preponderance of the evidence:

One: That Defendant presented a false *claim* to the United States, as claim is herein defined;

Two: That the false claim was made *knowingly*, as knowingly is herein defined; and,

Three: That the false claim was *material*, as material is herein defined;

## JURY INSTRUCTION NO. 7

### ELEMENTS OF FALSE STATEMENT UNDER 31 U.S.C. 3729(a)(2)

In order to sustain plaintiff's burden of proof for the charge of knowingly submitting a false or fraudulent claims to the United States in violation of 31 U.S.C. 3729(a)(2), Plaintiff, Chabot, must prove each of the following three essential elements by a preponderance of the evidence:

One: That Defendant made a false record or statement in connection with a false or fraudulent claim to the United States;

Two: That the false statement was made *knowingly*, as knowingly is herein defined; and

Three: That the false statement was *material* to the false claim, as material is herein defined;

# JURY INSTRUCTION NO. 8

A "claim" includes any request or demand, whether under a contract or otherwise, for money or property that is made by a contractor, grantee or other recipient if the United States Government provides any portion of the money or property that is requested or demanded.

## JURY INSTRUCTION NO. 9

The term "material" means having a natural tendency to influence, or being capable of influencing, the payment or receipt of money or property.

## JURY INSTRUCTION NO. 10

Truth or Falsity of the Information

The terms "knowing" and "knowingly" mean that a person:

(a) has actual *knowledge* of the information,

(b) acts in *deliberate ignorance* of the truth or falsity of the information, or

(c) acts in *reckless disregard* of the truth or falsity of the information.

> *Deliberate ignorance* - The term deliberate ignorance means that a defendant deliberately closed its eyes to what would otherwise have been apparent to the defendant. A finding that a defendant purposely avoided learning the facts, or suspected a fact but refused to confirm it, also constitutes deliberate ignorance. However, a finding that a defendant was merely negligent, careless is not sufficient to prove deliberate ignorance.
>
> *Reckless disregard* - The term reckless disregard means that a defendant was aware of, but consciously ignored facts and circumstances clearly indicating the truth or falsity of the information.
>
> Government knowledge of the falsity of a claim may be relevant to a defendant's liability. Such knowledge may show that the defendant did not submit its claim in deliberate ignorance or reckless disregard of the truth. However, Government's knowledge of the falsity is only considered when the facts comprising the falsity are fully disclosed to the Government.

## JURY INSTRUCTION NO. 11

The following instruction is included to inform you as to Florida licensing requirements regarding the installation of mobile homes within Florida. You should only consider the instruction if you first find that: (a) the contract between Defendant and FEMA contained provision(s) requiring Defendant to meet Florida state licensing requirements concerning the installation of mobile homes in Florida and (b) such provisions were a material part of the contract.

### Florida law related to the installation of mobile homes.

In order to be duly qualified to install mobile homes in Florida, one must either be licensed pursuant to Florida Statute section 320.8249(1) or, pursuant to Florida Statute section 320.8249(5), be a direct employee working under the supervision of a person licensed to install mobile homes in Florida. Additionally, section 15C-2.0072 of the Florida Administrative Code acknowledges that the statute's terms permit a contractor licensed to install mobile homes in Florida to subcontract with another person licensed to install mobile homes in Florida. Finally, section 15C-2.0073(1) of the Florida Administrative Code reiterates that no person may perform manufactured/mobile home installation unless licensed by the department pursuant to Florida Statute section 320.8249, regardless of whether that person holds a local installer's license or any other local or state license.

# JURY INSTRUCTION NO. 12

*Number of False Claims*

The Relator contends that the Defendant knowingly submitted more than one false claim for payment to the United States Government. If you find by a preponderance of the evidence that the Defendant is liable under the False Claims Act, you must specify the number of false claims submitted for payment by the Defendant in Question No. 2 of the Verdict Form. If Defendant is found to have knowingly submitted more than one false claim for payment, each such claim for payment would constitute a separate violation of the False Claims Act.

# JURY INSTRUCTION NO. 13

## Duty to Deliberate

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

# JURY INSTRUCTION NO. 14

## Election of Foreperson
## Explanation of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.