UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
ex rel. GREGORY CHABOT,
as *qui tam* Plaintiff,

    Plaintiffs,

vs.

CASE NO: 6:06-CV-1529-ORL-35-KRS

NU-WAY CONCRETE CO., INC.

_____/

## RELATOR'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY FEES AND REASONABLE EXPENSES

1. The False Claims Act, 31 U.S.C. § 3730(d)(4), provides that a prevailing defendant may be awarded its reasonable attorney fees and expenses only if the Court finds that the Relator's claim "was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

2. This is "a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004). For that reason, "[t]he award of fees under the False Claims Act [against a losing relator] is reserved for rare and special circumstances." *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553 F.3d 869, 875 (5th Cir. 2008); *United States v. Old Baldy Council of Boy Scouts of America*, 2007 WL 1119335, **1 (9th Cir. 2007); *Pfingston v. Ronon Engineering Co.*, 284 F.3d 999, 1006-07 (9th Cir. 2002); *United States ex rel. Haight v. Catholic Healthcare West*, 2008 WL 6017150, *1 (D. Ariz. 2008). The Defendant cannot meet its burden of proving entitlement to attorneys fees if, as here, the Relator "could reasonably believe his claim against [Defendant] had a scintilla of merit throughout the litigation ...." *Grynberg*, 389 F.3d at 1059.

3. In determining whether a case is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981), *quoted in Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). Put another way, a relator's claim *is* frivolous only "if it is utterly lacking in legal merit and evidentiary support", *United States ex rel. J. Cooper & Associates, Inc. v. Bernard Hodes Group, Inc.*, 422 F.Supp.2d 225, 238 (D.D.C. 2006), and *is **not*** frivolous if the relator produces "some evidence" to support it. *United States ex rel. Mikes v. Straus*, 98 F.Supp.2d 517, 526-27 (S.D.N.Y. 2000). The United States Supreme Court has cautioned that when making this assessment, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).

4. A relator is not liable for a defendant's attorney's fees merely because the relator's claim does not survive summary judgment. *O'Neal v. DeKalb County, Georgia*, 850 F.2d 653, 658 (11th Cir. 1988) ("Simply because the district court granted the defendants' motion for summary judgment does not mean the plaintiffs' action was frivolous"); *Bruce v. City of Gainesville, Georgia*, 177 F.3d 949, 952 (11th Cir. 1999); *Riddle v. Egensperger*, 266 F.3d 542, 551 (6th Cir. 2000). Here, however, Relator's claim survived **both** summary judgment and judgment as a matter of law. By definition, a claim that the Court allows to go to the jury cannot be frivolous.

5. Relator's claim was not "bereft of any objective factual support" because the Court allowed it to go to the jury. Accordingly, it cannot be characterized as objectively vexatious. *Mikes v. Strauss*, 274 F.3d 687, 705 (2nd Cir. 2001).

6. For prevailing defendants to recover attorneys fees from relators under Section 3730(d)94)'s harassment prong, "not only must evidence exist that plaintiffs were motivated by an improper purpose, but also that their claims were brought 'primarily' for that purpose", as opposed to such other purposes as stopping illegal contracting in violation of Florida law or "asserting their non-frivolous claims that, if successful, could have earned them a sizeable award." *United States ex rel. Haight v. Catholic Healthcare West*, 2008 WL 607150, *2 (D. Ariz. 2008). Nu-Way, however, has produced no "evidence" that Relator's claim was motivated by any improper purpose, let alone "evidence" that Relator's claim was brought "primarily" for an improper purpose.

7. Nu-Way's spin on the deposition testimony of FEMA Contracting Officer Bryan McCreary in paragraph 8 of its Motion is seriously misleading. Mr. McCreary never testified that FEMA "did not care or know whether FL[orida] law prohibited Nu-Way from subcontracting to a licensed installer." Motion at 3. Rather, Mr. McCreary consistently testified numerous times that compliance with Florida law was a condition of payment.

8. Attorney fee awards have been denied to prevailing defendants in many recent False Claims Act cases. *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553 F.3d 869, 875 (5th Cir. 2008); *United States v. Old Baldy Council of Boy Scouts of America*, 2007 WL 1119335, *1 (9th Cir. 2007); *United States ex rel. Montgomery v. St. Edward Mercy Medical Center*, 2008 WL 110858, *5-6 (E.D. Ark. 2008); *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 528 F.Supp.2d 533, 545-46 (E.D. Pa. 2007); *United States ex rel. Lee v. Fairview Health System*, 2004 WL 1638252, *5-6 (D. Minn. 2004); *United States ex rel. Cooper v. Gentiva Health Services, Inc.*, 2003 WL 2295067, *20 (W.D. Pa. 2003).

9. At the conclusion of the Wilson/Multi-Task trial, the Court denied Wilson/Multi-Task's oral motion for attorney fees as to the Relator's travel trailer claim after characterizing that claim, which did not get to the jury, as a "hard-fought issue."

3

10. The Court also should decline to exercise its discretion to award attorneys fees in this case because to do so "would dissuade the type of litigation that Congress has deemed beneficial", *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 528 F.Supp.2d 533, 545-46 (E.D. Pa. 2007), and "might have a chilling effect on the willingness of other [relators] to come forward." *United States ex rel. Montgomery v. St. Edward Mercy Medical Center*, 2008 Wl 110858, *6 (E.D. Ark. 2008).

For all these reasons, Defendant's Motion for Attorneys Fees and Reasonable Expenses should be denied.

Respectfully submitted,

/s/ Kevin J. Darken
KEVIN J. DARKEN
Florida Bar No.: 0090956
kdarken@tampalawfirm.com
BRUCE M. KLEINBERG
Florida Bar No.: 780170
bkleinberg@tampalawfirm.com
*COHEN, FOSTER & ROMINE, P.A.*
201 E. Kennedy Blvd., Suite 1000
Tampa, FL 33602
Telephone: (813) 225-1655
Trial Counsel for Plaintiff/Relator
Gregory Chabot


/s/ Paul M. Meredith
PAUL MICHAEL MEREDITH
Florida Bar No. 0745741
meredithlawfirm@bellsouth.net
THE MEREDITH LAW FIRM
P.O. Box 38
St. Augustine, FL 32085-0038
Telephone: (904) 825-1942
Facsimile: (904) 825-1912
Counsel for Plaintiff/Relator
Gregory Chabot

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **23rd** day of **March**, 2010, the foregoing was filed with the Clerk of this Court via CM/ECF, which will send an electronic notice of filing to the following:

John W. Forehand, Esquire
jforehand@kfb-law.com
Craig Spickard, Esquire
cspickard@kfb-law.com
*Kurkin Forehand Brandes*
800 N. Calhoun Street, Ste 1-B
Tallahassee, FL 32303-6212
Telephone: (850) 391-5060
Attorneys for Nu-Way

J. Marshall Gilmore, Esquire
mgilmore@mgilmorelaw.com
1500 Louisiana Ave., Suite 4
Winter Park, FL 32789
Telephone: (407) 629-7322
Facsimile: (407) 740-0310
Attorneys for Nu-Way

Jennifer Chorpening, Esquire
Jennifer.chorpening@usdoj.gov
U.S. Department of Justice – Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20444
Telephone: (202) 514-8112
Facsimile: (202) 514-0280

Phillip R. Lammens, Esquire
Philip.lammens@usdoj.gov
Office of U.S. Attorney
207 NW 2nd Street, Room 118
Ocala, FL 34475-6666
Telephone: (352) 629-0053
Facsimile: (352) 671-6743

/s/ Kevin J. Darken
Florida Bar No.: 0090956
kdarken@tampalawfirm.com
BRUCE M. KLEINBERG
Florida Bar No.: 780170
bkleinberg@tampalawfirm.com
*COHEN, FOSTER & ROMINE, P.A.*
201 E. Kennedy Blvd., Suite 1000
Tampa, FL 33602
Telephone: (813) 225-1655
Trial Counsel for Plaintiff/Relator
Gregory Chabot

/s/ Paul M. Meredith
PAUL MICHAEL MEREDITH
Florida Bar No. 0745741
meredithlawfirm@bellsouth.net
THE MEREDITH LAW FIRM
P.O. Box 38
St. Augustine, FL 32085-0038
Telephone: (904) 825-1942
Facsimile: (904) 825-1912
Counsel for Plaintiff/Relator
Gregory Chabot